MC-275

Name H Robert Marquette

Address P.O. 4000 Vacaville

CA 95696-4000

CDC or ID Number P-32844

(United States District
(Northern) 450 Golden Gate Avenue
(Court) SANFRANCISCOCA 94102-3483

**PETITION FOR WRIT OF HABEAS CORPUS**

H.R. Marquette
Petitioner

vs.

Shasta County
Respondent

CV No. 08 ___ 1879 ___ (To be supplied by the Clerk of the Court)

**MOTION FOR MODIFICATION OF SENTENCE
PENAL CODE SECTION 1260**

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

WEST GROUP
Official Publisher

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

- [X] A conviction
- [ ] Parole
- [ ] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [X] Other (specify): FINES AND RESTITUTION

1. Your name: R MARQUETTE

2. Where are you incarcerated? C.S.P SOLANO P.O. 4000 VACAVILLE 95696-4000

3. Why are you in custody? [X] Criminal Conviction  [ ] Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon."):

lewd & les

b. Penal or other code sections: 288(A)

c. Name and location of sentencing or committing court: SHASTA CO Redding 1500 COURT ST Redding 96001

d. Case number: # 06F-7253

e. Date convicted or committed: JUNE 22ND 06

f. Date sentenced: June 22

g. Length of sentence: Nine years

h. When do you expect to be released? March 2014

i. Were you represented by counsel in the trial court? [ ] Yes. [X] No. If yes, state the attorney's name and address: Jeff Gorder REFUSED TO TAKE me To TriAl

4. What was the LAST plea you entered? (check one)

- [ ] Not guilty
- [ ] Guilty
- [ ] Nolo Contendere
- [X] Other Guilty Under Duress

5. If you pleaded not guilty, what kind of trial did you have?

- [ ] Jury
- [ ] Judge without a jury
- [ ] Submitted on transcript
- [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Petitioner submit this 'petition ,requesting an Order Modifying The Sentence imposed;

This request is made,pursuant to 'Penal Code section 1260

In support of this motion,Petitioner sets forth the following facts upon with the 'Petitioner

urges the court to modify said sentence.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where); (if available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

Petitioner contends that  the trial court improperly imposed a  $ 3,000     , restitution based

upon the apparent erroneous assumption that the'Petitioner could pay the restitution out of his future wages

while incarcerated: The court was not clear on the record to justify the restitution fine and the loss/damage

to the victim or victims.    'The record should indicate what Government Code and Penal Code section(s) that

the  court is using to 'justify the accessive amount added to the court's fee and the reason why? the com-

pensation to  the victim or victim(s) is necessary for the loss/damage of property or personal injury caused by

the defendant/petitioner.  (1) the court can not act as a "collection Agency" to be compensated for fees that are

not 'warranted,or to implement cruel and unusual  punishment for methodolgical and retributional purposes.

(2) if restitution is required, a hearing to determine the amount of restitution or compensation to the victim(s)

is required, (3) the court has to stipulate for the record what 'Government Code,Penal Code,and the purpose for

the restitution as to why? the restitution  is necessary,(4) in all cases where the restitution is imposed,the

defendant should be informed that the restitution fine will be part of the sentencing process and that the de-

fendant be aware  he/she is entitled to a hearing on the restitution fine that is or will be imposed,as part of

b. Supporting cases, rules, or other authority (optional):                      [ see attached additional sheet(s) continued ]
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*
        [  all case cites; Government Codes;Penal Codes;and other relevant pleadings that are

enclosed in the pages of this petition are to be 'Incorporated within this Writ of Habeas Corpus

as cited ].

[ additional sheet continued ]

the defendant's sentence,(5) the information on a Probation Report does not constitute a Plea Bargain

Agreement made to the defendant at the time of sentence,the Probation Report does not support any findings

to justify the adding or accessive amount of restitution that should be applied for compensation to the

victim or victims,(6) a defendant's failure to object at the time of sentencing does'not waive the defendant's

right to address these issues on appeal,(7) an incorrect or illegal sentence can be corrected at anytime

by way of a 'Writ of Habeas Corpus.

     Petitioner has not waived the issue  of 'restitution by any  perceived failure by the

defendant/petitioner 'to object at the time of the imposition of the restitution and sentence.

  See:People v Robinson(1992) 11 Cal.App.4th 609; also see: People v

  Wortman (1992) 11 Cal.App.4th 650

 Furthermore,it is clear that unauthorized or illegal sentencing errors are not subject to waiver and

are correctable whenever they are discovered.People v Serrato(1973) 9 Cal.3d 753,763.    As the appellate

court recently decided,sentencing errors which go to the jurisdiction of the court can be raised at any

time even though no 'objections were interposed in the trial court. A sentence which is not authorized

by law exceeds the jurisdiction of the court.People v Neal(1993) 19 Cal.App.4th 1114,1120.

The imposition of an unauthorized section 13967,fine 'constitutes an unauthorized sentence and juris-

dictional error, 'It is therefore reviewable despite the absence of an objection.

The trial court erred; the issue in this case is created by an apparent dispute between two statues,the

first statue require that the sentecing court consider a defendant's ability to pay in setting the amount

of the restitution,as amended in 1992,'section 13967(a) which reads in pertinent part:

>            In addition to any other penalty,if the person
>      is convicted of one or more felony offenses,the court shall impose
>      a separate and additional restitution or not less than $200.oo,
>      subject to  no more than $10,000.oo. 'In setting the amount of the
>      restitution for felony convictions,the  court shall consider any
>      relevant factors 'except as provided in Section 1202.4 of the Penal
>      Code and subsection(c) of this section.Under no circumstances shall
>      the court fail to impose the separate and additional restitution
>      required in this section.

[ continued on additional sheet ]

[4 ]

[ continued from additional sheet ]

The second statue requires the sentencing court to ignore the 'Defendant's ability to pay when it imposes a restitution.'Penal Code Section 1204.4(a) provides:

> In any case in which a defendant is convicted of a felony the court shall order the defendant to pay restitution as provided in subdivision(a) of section 13967 of the Government Code. Such restitution shall in addition of any other penalty or fine imposed and shall be ordered regardless of defendant's ability to pay. However, if the court finds that these are compelling and extraordinary reasons the court may waive imposition of the fine.

The relevant case law prior to the 1992 amendment to section 13967 held that a fine was imposed regardless of the defendant's ability to pay. People v Walker (1991) 54 Cal.3d 1013, 1910;People v Blankenship(1989) 213 Cal.App.3d 992,996;People v Sandoval(1989) 206 Cal.App.3d 1554,1550.

However this case law was apparently 'abrogated by the Legislative Amendment which added language regarding the defendant's ability to pay. "The court shall impose a separate and additional restitution of no less than $200.oo,'subject to the defendant's ability to pay[ Statutes; 1992,Chapter 682,Section 4 Number 9, West's California Legislative Service,page 2557 ].

A court of appeal's decision which remains published as of this case, has attempted to harmonize the apparent 'statutory 'contradiction" by holding that the trial court may impose the minimum $200.oo fine without a determination of the defendant's ability to pay,but then any 'greater fine(i.e. $201.oo-$10,000.oo) requires assessment by'the Trial Court,of defendant's ability to pay such a fine' and the assessment must be supported by substantial evidence. See: People v Frye(1994) 21 Cal.App.4th 1483.

> This 'interpretation,however,appears to be incorrect because it fails to account for the language of'Penal Code Section 1202.4 in section 13967 of the Gov't Code.

Furthermore,as will now be demonstrated, an interpretation more favorable to the defendant is possible and the interpretation in Frye' ignores the principle that, in 'construing a criminal statute a defendant must be given the benefit of every reasonable doubt as to whether the statute was applicable to him. People v Courdello(1978) 21 Cal.3d 563;People v Bryant(1992) 10 Cal.App.4th 1584,1599.

[ see additional sheet continued ]

[ continued from additional sheet ]

In examining the purpose of the statute at issue in this case, it is important to note that Gov't code section 13967(a) and Penal Code Amendment adapted by the 'voters as part of Proposition 8 ( See Cal. Const.Art. 1 section 28(b); People v Walker (1991) 54 Cal.3d 1013,1029[People v Walker,supra at 1019] that amendment required the Legislature to adopt provisions to ensure that"restitution shall be ordered from the convicted persons in every case in which a crime victims suffers a loss, unless compelling and extraordinary reasons exist to the contrary. However,the Constitutional Amendment did not specify whether the defendant's ability to pay could be considered in setting the amount of restitution".

With all the above in mind,the court is urged to conclude that the '1992 Amendment to Gov't Code section 13967(a) was intended to,and did,bring defendant's ability to pay into the restitution equation. 'In other words,the minimum restitution will be at least $200.oo unless the court has no evidence before it that the defendant has the ability to pay even that small amount,in which event the court shall not impose a 'restitution of more than $200.oo, but rather something less".

Penal code section 1202.4 is not inconsistent with the above interpretation of Gov't code section 13967(a) under  Penal code section 1202.4 the court is compelled to impose a restitution,regardless of the defendant's ability to pay'. However,a court may forgo extraordinary reasons for doing so.'In other words,the court must impose restitution even if the defendant does not have the ability to pay the $200.oo minimum.

However the court may forgo' imposing any fine only if it finds that there are "compelling and extraordinary reasons,"[ other than the defendant's impecuniosity ] which justifies this decision ].

In the instant case,the trial court imposed a $ 3,000⁰⁰⁺ restitution based on erroneous assumption that this 'Petitioner could pay this fine out of his earnings while incarcerated in State Prison. the rates of pay for work performed by prison inmates are set in California of Corrections Operations Manual,'section 51120.7

Furthermore not all 'Institutions strictly follow D.O.M. section 2085.5,'which directs the Director of Corrections to deduct a reasonable amount,not to exceed 50% per cent from the prisoner's wages for credit

[6]

[ continued on additional sheet ]

[ continued from additional sheet ]

against the prisoner's restitution. Under current regulation the amount deducted by the Director for that purpose is the 'Institutional processing service,(California Code of Regulation,'Title 15 section 3097. )

Moreover,the court could not justifiably,alberit tattitly,assume that a prisoner would be able to pay the restitution for earnings from employment after his release, 'it is thus exceedingly doubt-ful whether this 'Petitioner will be able to earn much after being away from 'any trade for so long,also being an ex-con on parole would not be conductive to being steadily employed after he is eventually re-leased from prison.

For these reasons,the $ 3000 plus    restitution aspect of the sentence cannot stand.

The appropriate remedy is to reduce the amount of the restitution to $ 100.oo, ' It is certainly possible to envision cases in which it might be appropriate to remand for the 'Trial Court to re-determine the Defendant's ability to pay and impose a restitution consistent with that determination'. In this case,however,the only likely source of income apparent on the record from which 'Petitioner could pay any fine would be his possible 'future earnings'from miscellaneous labor in the future.

It is entirely speculative how much that income would be, 'Remanding in a case like this could easily result in the "anomaly of restitution costing more money than they 'generate,and causing more harm than benefit to the victim. See: People v Walker (1991) 54 Cal.3d 1013,1029, However under the above statutory analysis,the trial court is required to impose some restitution.'The only answer therefore appear to be a 'reduction in the 'restitution to a nominal $ 100.oo and a modification of the 'Judgment accordingly 'Penal Code Section 1260.

[ continued on additional sheet ]                    [7]

[ continued from additional sheet ]

## CONCLUSION

WHEREFORE, for the foregoing reasons stated herein, the 'Petitioner respectfully request this court to modify his sentence by striking the restitution and or by reducing said '" restitution to $ 100.oo.

Respectfully Submitted,

Petitioner / Defendant   In Pro Per

## VERIFICATION

I declare under penalty of perjury under the laws of the State of California that I am the Petitioner in the above entitled action, and have read the foregoing Motion for 'Modification of Sentence pursuant to Penal Code section: 1260, and know the contents thereof, and the same is true of my own knowledge, except as to those matters, I believe them to be true.

This declaration was executed on this 2 day of April ,2008, in the County of Solano city of VACAVILLE and state of CALIFORNIA.

Petitioner / Defendant In Pro Per

[8]

## MEMORANDUM OF POINTS AND AUTHORITIES

1    THE SENTENCING ERROR CLAIM IS NOT PROCEDURALLY BARRED

2    Under People Vs. Jack (1989) 213 Cal.App.3d.913;

3    The court held that the sentence is void because it is based on an errone-

4    ous interpretation of the law,and such an error of the law may be corrected

5    at any time.

6    In People Vs. Gillispie(1997) 60 Cal.App.4th 429; The court held

7    that the defendant on appeal from a "final judgment of conviction"

8    under Pen.Code.§.1237,subd.(b),a defendant has standing to raise

9    a claim of error in any part of the record,including actions that

10    the trial court takes on its own motion. If error affirmatively

11    appears on the record,the defendant may seek remand for resentenc-

12    ing through an appeal.

13    Penal Code § 1237.(b);

14    An appeal may be taken by the de-
         fendant; (b) from any order made
15    after judgment,affecting the sub-
         stantial rights of the party.
16

17    PETITIONER'S FAILURE TO OBJECT WAS NOT REQUIRED

18    In People Vs.Robinson (1992) 11 Cal.App.4th 609;

19    The court held that the defendant did not waive any sentencing errors by

20    failing to object at the time of sentencing,and the absence of any reason for

21    the choice of consecutive sentences requires a remand for resentencing.

22    In People Vs. Wortman (1992) 11 Cal.App.4th 650;

23    The court held that the defendant did not waive any error in the trial court

24    sentencing decisions by failing to object at the sentencing hearing,and said

25    we would be required to review sentencing errors even in the absence of an

26    objection. The argument is better addressed to the Supreme Court or the

27    Legislature,in light of the consistent application of the rule since the

28    inception of the determinate sentencing scheme.

PRINTED ON RECYCLED PAPER

THE PETITION IS TIMELY:IN ALL EVENTS,

PETITIONER DOES PRESENT A PRIMA FACIE

CASE FOR RELIEF

A.THE PETITION IS TIMELY

Under PEOPLE Vs.JACK,(1989) 213 Cal.App.3d 913; The court held that a trial court has jurdiction to correct an erroneous sentence in several circumstances; If the sentence is unauthorized by law.(see In Re Sandel(1966) 64 Cal.2d 412; People Vs.Shabazz(1985) 175 Cal.App.3d 468;People Vs.Nick(1985) 164 Cal.App.3d 141; The sentence is void because it is based on an interpretation of law.Such an error of law may be corrected at any time.

The petitioner contends that the court has jurisdiction to cor-rect an invalid sentence at any time. Based on a misinterpreta-tion of the law.

In the case of In re Clark(1993) 5 Cal.4th 750; The court held that a fundamental miscarriage of justice is established by show-ing; That the petitioner was convicted under an invalid statue. The petitioner in this case was sentenced to an invalid sentence and a misinter pretation of the law.

Pursuant to California rules of the Court 4.551()(c); The court must issue an order to show cause if the petitioner has made a prima facie showing that he or her is entitled to relief. In doing so,the court take petitioner's factual allegations as true and make a preliminary assessment re-garding whether the petitioner would be entitled to relief if his or her factual allegations are proved. If so,the court must issue an order to show cause.

THE MEMORANDUM OF POINTS AND AUTHORITIES

In People v Zitto (1992) 8 Cal.App.4th 736, the defendant was ordered to pay, inter alia, a $ 10,000.oo restitution under Gov't code section 13967(a); 'He attacked the restitution order on appeal on several grounds, including jurisdictional and statutory grounds. 'The Court of Appeals in that case' even-though the defendant did not raise this issue, he was allowed to raise them now, 'successfully as it turned out on 'Appeal. The court likened the order imposing the restitution to an unauthorized sentence which was reviewable at any time discovered under the principles announced in 'Serrato,supra and similar cases; Zitto,supra at 743.

Therefore, 'Petitioner may raise this issue in the instant case despite his counsel's failure to raise it in the 'Superior Court.

In People v Kwolek 40 Cal.App.4th 1521 ;'Defendant contends,that respondent concedes,that the trial court erred in imposing a restitution fine of $ 5,000.oo in addition to the restitution of $ 19,806.oo 'The Court agreed.'Thus the 'Order imposing a $ 5,000.oo restitution fine is stricken.In all other respects,the judgment is affirmed.

In People v Scroggins(1987) 191 Cal.App.3d 502,508;this court stated that 'a trial court is required to grant a 'defendant's request for a hearing on the issue of restitution"(italics added) imposed as a condition of probation.[ i.e., if the defendant disputes the figures in the probation officer's report, he is entitled to a hearing. ].

To the extent case law suggests a defendant is entitled to a hearing and proof of the losses for re-stitution under section 1203.1,even in absence of a request(see,e.g.,People v Narron(1987)192 Cal.App. 3d 724,736;[237 Cal.Rptr.693].

Memorandum of Points and Authorities(continued)

In People v Frey 209 Cal.App.3d 139;[256 Cal.Rptr.810](March 1989) The Court of Appeal ordered the restitution fine stricken and it remanded the matter for imposition of a restitution fine in accordance with its opinion.'The court held that the trial court violated Gov't Code 13967,subd.(c)[restitution to victim in lieu of restitution fine],by failing to specify the exact amount of the fine or to identify the victim's losses..The trial court also violated 13967 subd.(c),by imposing a $ 10,000.oo fine for each victim or count(the trial court's order was ambiguous),since 13967 subd.(c) and Gov't Code 13967,subd.(a)[restitution fine],should be read together to impose a maximum fine of $ 10,000.oo regardless of the number of victims or counts involved.

In People v Cotter 6 Cal.App.4th 1671;[ 8 Cal.Rptr.2d 606](June 1992)  The court held that the trial court erred in failing to specify the exact amount to be paid to the victim.

In People v Walker (1991) 54 Cal.3d 1013, Reverse and remanded to modify judgment by reducing the fine to $ 100.oo  'Defendant could not be deemed to have waived his rights by silent acquiescence.

In People v Harvest (2003) 84 Cal.App. 4th 641, The court held that the defendant does not contest the restitution ordered for the 'Vigil family's burial expenses,but he does argue that the other two components of the restitution order lack 'an adequate factual basis for the amount of restitution ordered." A trial court is required to use 'a rational method" in computing restitution.'People v Draut,supra, 73 Cal.App.4th 577,582; People v Thygesen(1999) 69 Cal.App.4th 988,992; The trial court's method is restrained,based on previous judicial computations and is eminently logical.'The restitution order allowing the claim of $ 5,500.oo is  reversed.

In People v Walker[above] The Supreme Court reversed the judgment of the Court of Appeal and remanded with directions modifying the judgment,reducing the $ 5,000.oo restitution fine to $ 100.00.

[ Memorandum of Points and Authorities continued ]

In People v Sandoval(1989) 206 Cal.App.3d 1544; On appeal the court ruled that restitution order was
unexcepted,the defendant "had been deprived of an opportunity to validity of the award.(id.,at p.1550)
In People v Scroggins(1987) 191 Cal.App.3d 502;[ error for sentencing court to deny defendant's request
for a hearing to determine the 'victims' actual losses.].

In People Vs.Rivera(1989)212 Cal.App.3d 1153;The Court of Appeal
vacvated the restitution payable to one of the victims and affirmed
the judgment as modified. The court held that the restitution order
was not ambiguous and the trial court did not err in ordering resti-
tution to the victims without inquiring into defendant's ability to
pay or affording defendant the opportunity for a jury trial on the
restitution issue. However,the court held,the trial court erred in
ordering defendant to pay restitution to the victim of the recei-
ving stolen property offense,since there was no showing that defen-
dant was responsible for the losses she suffered.Restitution pay-
able to Swett($1,200) is vacated.

8. Did you appeal from the conviction, sentence, or commitment?  ☑ Yes.  ☐ No.    If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

     SHASTA

   b. Result:  Denied             c. Date of decision: Feb 08

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) FineS ReST And Attorney

      (2) forcing plea

      (3) _____

   f. Were you represented by counsel on appeal?  ☐ Yes.  ☑ No.  If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☑ No.    If yes, give the following information:

   a. Result: _____          b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

   b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.

   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☑ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: SHASTA CO

 (2) Nature of proceeding (for example, "habeas corpus petition"): HABОUS

 (3) Issues raised: (a) force To plea

    (b) _____

 (4) Result (Attach order or explain why unavailable): TAKEN IN CELL SEARCH

 (5) Date of decision: ON File IN Redding (Ul 9600)

 b. (1) Name of court: ShASTA

 (2) Nature of proceeding: HAB Corp

 (3) Issues raised: (a) _____

    (b) _____

 (4) Result (Attach order or explain why unavailable): _____

 (5) Date of decision: _____

 c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_____

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☑ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

IT WAS Denied IN Superior ShASTA CO

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 2 08

(SIGNATURE OF PETITIONER)

Robert Marquette, P-32844
California State Prison-Solano
P.O. Box 4000
Vacaville, CA 95696-4000

I Declare under Penalty of Prejury I am Completley without funds At this Time And HAve Been for the PAST 6 months.

I HAve NO means of Support

I Pray the Court GrAnT This writ As IVe Absouletley NO funds Nor HAve Any Since 2006 and very little Prospect for Any in the future. By the Courts TAking 55 % for fines And Rest I Do NOT even HAve Hygene Products I pray The Courts Grace on this matter

Respectfully submitted ON April 2nd 2008

Yours Truley

Your Humble serveNT

T.hD



